******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BEATRICE FORGIONE *v.* MENNATO FORGIONE
(AC 36991)

Lavine, Mullins and Schaller, Js.

*Argued October 8—officially released December 22, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Stanley Novack, judge trial referee [dissolution judgment]; Emons, J. [stipulation]; Schofield, J. [orders].)

*Thomas C. C. Sargent*, for the appellant (defendant).

*Norman A. Roberts II*, with whom, on the brief, was *Tara C. Dugo*, for the appellee (plaintiff).

*Opinion*

MULLINS, J. In this case, nearly three and one-half years after a judgment of dissolution, the parties entered into a stipulation in which they agreed to permit the trial court to open the dissolution judgment for the limited purpose of resolving "all issues of a financial nature, including the division of assets, alimony and support, and liabilities, but not as to custody or parenting."[1] Pursuant to that stipulation, the trial court opened the judgment and reissued financial orders. The defendant, Mennato Forgione, appeals from the judgment of the trial court reissuing those financial orders. We conclude that the trial court was without subject matter jurisdiction to open the judgment as to the division of the parties' assets in the absence of a finding or concession of fraud. Accordingly, we vacate the judgment and remand the matter with direction to restore to the docket the motion to open filed by the plaintiff, Beatrice Forgione.

The following facts inform our review. A judgment dissolving the marriage of the parties was rendered on August 26, 2009. The court incorporated into its judgment the parties' settlement agreement resolving the issues of custody, alimony, and property distribution.

Approximately three and one-half years later, on March 12, 2012, the plaintiff filed a motion to open the judgment as to the financial issues on the ground that the judgment had been procured by fraud. Specifically, she alleged that the defendant intentionally had failed to disclose that he had received $90,000 in commissions just weeks before the judgment of dissolution was rendered. On May 30, 2012, the parties entered a postjudgment stipulation, agreeing to the opening of the judgment for the limited purpose of redetermining all financial matters. The court, *Emons*, *J.*, approved the stipulation, opened the judgment, and assigned the matter for trial.

Following the conclusion of the trial, the court, *Schofield*, *J.*, on November 6, 2013, issued a written memorandum of decision reissuing the financial orders from the dissolution judgment, including reallocating the parties' assets.[2] The defendant appealed from the court's judgment, claiming that the court had erred in its method of redividing the parties' financial assets.

After the matter was briefed and argued before this court, we ordered the parties to provide supplemental briefs addressed to the following:

"1. In light of General Statutes § 46a-86 (a), whether the trial court, approximately three and one-half years after judgment was rendered, had subject matter jurisdiction to open the judgment of dissolution for the purpose of redetermining and reissuing financial orders, including property distribution orders, on the

basis of a stipulation of the parties, made without a finding or concession of fraud. See *Sousa* v. *Sousa*, 157 Conn. App. 587, [116 A.3d 865] cert. granted, 317 Conn. 917, [118 A.3d 61] (2015), and the cases cited therein.

"2. If this court determines that the trial court did not have jurisdiction to grant the plaintiff's motion to open on the basis of the parties' stipulation, what should this court order on remand."

In his supplemental brief, the defendant asserts that the trial court had no jurisdiction to open the judgment by stipulation because he did not concede that fraud had been committed. Rather, he contends that his concession was limited to permitting the court simply to open the judgment and redetermine the financial issues after a hearing.

On the other hand, in her supplemental brief, the plaintiff asserts that the stipulation itself was a concession by the defendant that he committed fraud in procuring the financial orders in the original dissolution judgment. In the alternative, she argues that, if we do not agree that the stipulation was a concession of fraud, the judgment must be vacated, and her motion to open must be restored to the docket.

We conclude that the parties' stipulation was not a concession of fraud. Accordingly, we conclude that the court was without jurisdiction to open the judgment to reallocate the parties' financial assets on the basis of that stipulation.

"[A] stipulation is considered a contract . . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous." (Citations omitted; internal quotation marks omitted.) *Ahmadi* v. *Ahmadi*, 294 Conn. 384, 390–91, 985 A.2d 319 (2009).

On May 30, 2012, the parties entered a postjudgment stipulation that stated: "1. The plaintiff's motion to [open] may be granted by agreement as and for all issues of a financial nature, including the division of assets, alimony and support, and liabilities, but not as to custody or parenting. 2. The issue of counsel fees shall be reserved for a later date." Judge Emons approved the stipulation, opened the judgment, and assigned the matter for trial. The plaintiff contends that when the defendant stipulated that the plaintiff's motion "may be granted by agreement," he necessarily was conceding the allegations contained in the motion. We do not agree.

The stipulation specifically states that the parties agree that the motion to open could be granted to permit

the court to reconsider the parties' financial matters, including the division of assets. The plain language of the stipulation contains no concession by the defendant that he was agreeing to or conceding the allegations set forth in the motion; rather, he was agreeing that the court could open the dissolution judgment to redetermine the parties' financial matters. See also footnote 2 of this opinion. Accordingly, we conclude that the stipulation was not a concession of fraud by the defendant.

We next consider whether the trial court had jurisdiction to open the judgment on the basis of the parties' stipulation for the limited purpose of determining all financial matters, including property distribution. "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . *Buehler* v. *Buehler*, 138 Conn. App. 63, 70, 50 A.3d 372 (2012).

"It is well settled that [c]ourts have no inherent power to transfer property from one spouse to another; instead, that power must rest upon an enabling statute. . . . The court's authority to transfer property appurtenant to a dissolution proceeding rests on . . . [General Statutes] § 46b-81.[3] . . . Accordingly, the court's authority to divide the personal property of the parties, pursuant to § 46b-81, must be exercised, if at all, at the time that it renders judgment dissolving the marriage. . . . General Statutes § 46b-86 (a)[4] deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under . . . § 46b-81. . . . A court, therefore, does not have the authority to modify the division of property once the dissolution becomes final. . . . *Stechel* v. *Foster*, 125 Conn. App. 441, 446–47, 8 A.3d 545 (2010), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011). A property distribution order may be modified . . . if the motion is filed on the basis of fraud, promptly upon the discovery of fraud." (Footnotes in original; internal quotation marks omitted.) *Sousa* v. *Sousa*, supra, 157 Conn. App. 595–96.

Here, there was neither a concession of fraud by the defendant contained in the parties' stipulation, nor a finding of fraud by the court. As a result, we conclude that the court was without jurisdiction to open the judgment of dissolution on the basis of the parties' stipulation for the limited purpose of redetermining financial matters, including the division of the parties' assets.[5] See id. (absent finding of fraud, court acted outside of jurisdictional authority under § 46b-86 [a] in opening dissolution judgment approximately six years after judgment). Accordingly, all orders following the granting of the motion to open by stipulation are void. *Bunche* v. *Bunche*, 180 Conn. 285, 289, 429 A.2d 874 (1980) (§ 46b-81 deprives trial court of continuing jurisdiction over assignment of property appurtenant to dis-

solution proceeding). "It is well established that a court is without power to render a judgment if it lacks jurisdiction and that everything done under the judicial process of courts not having jurisdiction is, ipso facto, void." (Internal quotation marks omitted.) *Sousa* v. *Sousa*, supra, 157 Conn. App. 601.

The November 6, 2013 judgment and all orders related thereto are vacated, and the case is remanded to the trial court with direction to restore to the docket for further proceedings the plaintiff's March 12, 2012 motion to open.

In this opinion the other judges concurred.

[1] After oral argument in this matter, we requested supplemental briefing addressed to whether the trial court had subject matter jurisdiction to grant the motion to open by stipulation of the parties when such stipulation did not include an admission of fraud.

[2] In its decision, the court specifically noted that Judge Emons had granted the motion to open on the basis of the parties' stipulation, but that the "defendant denies that there was any acknowledgment of fraud [and contends that there was] only an agreement by the parties to waive the 120 day rule."

[3] General Statutes § 46b-81 (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the Superior Court may assign to either spouse all or any part of the estate of the other spouse. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either spouse, when in the judgment of the court it is the proper mode to carry the decree into effect." See *Sousa* v. *Sousa*, supra, 157 Conn. App. 595 n.4.

[4] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court . . . . This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. . . ." *Sousa* v. *Sousa*, supra, 157 Conn. App. 595–96 n.5.

[5] Although the court may have had jurisdiction to open the judgment as to the issues of alimony and child support on agreement of the parties, because the court improperly granted the motion to open on *all* financial issues without a finding or concession of fraud, we conclude that the judgment must be vacated in its entirety, and the motion to open the dissolution judgment must be restored to the docket.