## MICHAEL A. TSITARIDIS *v.* STEFANIA H. TSITARIDIS
### (AC 27349)

Bishop, McLachlan and Rogers, Js.

Argued November 17, 2006—officially released March 20, 2007

*Michael J. Burns,* with whom was *Claudine Siegel,* for the appellant (defendant).

*Kathleen D. Stingle,* for the appellee (plaintiff).

*Carolyn Wilkes Kaas, Patricia Lugo* and *Kassandra P. Aristide, Christy E. Centeno* and *Molly E. Christy,* certified legal interns, filed a brief for the Connecticut Coalition Against Domestic Violence et al. as amici curiae.

*Opinion*

ROGERS, J. The defendant, Stefania H. Tsitaridis, appeals from an order denying her motion to open and vacate a default judgment dissolving her marriage to the plaintiff, Michael A. Tsitaridis. The defendant claims on appeal that the court improperly failed to apply the test under General Statutes § 52-212 (a) when deciding her motion to open.[1] We agree and reverse the order of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The parties were married on October 27, 1999, when both parties were in their late sixties. The defendant testified that on several occasions, the plaintiff hit her. She testified that the plaintiff would throw things at her and make threatening gestures that he was going to put his fingers in her eyes. Sometimes, the defendant stated, she was so scared that she would leave their house, but the plaintiff would pursue her and, upon finding her, tell her to go back home. It is undisputed that the defendant twice called the police, complaining that the plaintiff had abused and beaten her.

The defendant testified that on the morning of August 19, 2004, she was concerned because the plaintiff seemed very angry. That day, she testified, the plaintiff telephoned the house five times to ascertain where she

---

[1] The defendant further claims that the court failed to recognize domestic abuse or fear of abuse as cause to open a default judgment. We reverse the order and remand the case for a new hearing on the ground that the court failed to apply the test under § 52-212 (a) and leave for the court to decide, after a full hearing, whether that test has been satisfied.

was and threatened that she should just wait until he came home to see what would happen to her on his return. The defendant testified that upon hearing this, she became frightened. The defendant packed her belongings and telephoned a friend to pick her up. The plaintiff was driven to the Westbrook domestic violence shelter and after one day was transferred to the Meriden domestic violence shelter where she stayed until October 4, 2004, and then moved into an apartment in Meriden.

The plaintiff commenced a dissolution action returnable October 26, 2004. Service was by court-ordered publication in the Middletown Press on October 15 and 22, 2004. A default judgment of dissolution of marriage was entered on February 14, 2005. No financial orders were entered. On June 10, 2005, within four months of the dissolution judgment, the defendant filed a motion to open and vacate the judgment so that she would have an opportunity to be heard.[2] After a hearing held on the motion, the court, *Hon. Daniel F. Spallone,* judge trial referee, issued a memorandum of decision denying the motion to open.[3] The defendant subsequently filed

---

[2] The defendant testified that she learned of the divorce only because she had sent an Easter card to an attorney whom she believed was assisting her with immigration matters. This attorney sent a response letter, informing the defendant that there had been a divorce.

[3] The court's decision is as follows: "On February 14, 2005, this court, on the plaintiff's complaint, entered a dissolution of his marriage to the defendant.

"The court entered findings that service was by court-ordered publication in the Middletown Press on October 15 and October 22, 2004, and met the requirements of the pertinent statutes, giving the court jurisdiction over the matter.

"The defendant never appeared and claimed that she never had actual notice of the proceedings and did not know that a dissolution had entered. She now seeks to open the judgment and to vacate same.

"After a full hearing, the parties present, and represented by counsel, the court finds and concludes as follows.

"The plaintiff followed all rules and procedures as required by the pertinent statute allowing service by publication.

"The defendant secreted her whereabouts from the plaintiff, claiming

a motion to reargue, but this motion was denied. This appeal followed.

Ordinarily, "[a] motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 107, 897 A.2d 58 (2006). A court has no discretion,

spousal abuse. She, upon leaving the marital home, went to a women's shelter, but at the time of publication of notice, the defendant was living in an apartment in Meriden, Connecticut. She did not notify the plaintiff of her new address.

"The court recognizes that notice of a pending action is an essential element to the entry of a valid judgment.

"However, the court also recognizes that our statutory scheme for notice by publication has been long ago enacted to provide a method of service where a party to a marriage decides to leave and maintain her location at a site unknown to the other party.

"Her last known address was at 2 Livemore Trail, Killingworth, Connecticut, the marital home.

"The defendant claims that she did not disclose her location because she feared physical abuse by the plaintiff. However, her choice of secrecy was hers and voluntarily made. She did not seek a restraining order.

"Our statutes provide for the giving of notice other than by in-hand service.

"The defendant, because of the dissolution, has lost her social security payments she received as the plaintiff's wife.

"In summation, the court finds that the defendant left the marital home and kept her whereabouts from the plaintiff.

"The plaintiff followed all the necessary mandates of statutes providing for service by publication.

"There have been no allegations of fraud or other malfeasance by the plaintiff in procurance of the dissolution of marriage.

"The defendant's failure to receive actual notice was caused by her decision to maintain her location secret as to the plaintiff.

"The court will not set aside a dissolution of marriage where the plaintiff acted legally in obtaining same."

however, in selecting the test to apply. See *State* v. *Salmond*, 69 Conn. App. 81, 91, 797 A.2d 1113, cert. denied, 260 Conn. 929, 798 A.2d 973 (2002).

The power of a court to set aside a default judgment is governed by § 52-212 (a).[4] "Section 52-212 requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548, 776 A.2d 1195 (2001); see also Practice Book § 17-43.

The court failed to apply the test set forth in § 52-212 (a).[5] Instead of applying the standard attendant to a motion to open a default judgment, the court concentrated on the steps taken by the plaintiff to comply with the rules and procedures required by the pertinent statutes allowing for service of process by publication. The court found that the plaintiff followed all the necessary mandates of the statutes providing for service of process[6] and used this as the basis for denying the defendant's motion to open and vacate the judgment. The court also made findings that the defendant voluntarily had secreted herself and declined to notify the

---

[4] General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[5] The parties do not contest that the defendant filed her motion to open the judgment on June 10, 2005, within four months of the default judgment of dissolution, which was entered on February 14, 2005.

[6] The defendant did not make a claim on appeal with respect to this finding.

plaintiff of her new address, but the court made these findings in the context of its discussion of in-hand service and service of process by publication. The court failed to examine the issues under the two part test of § 52-212.

The court, by focusing on whether the plaintiff had made satisfactory efforts to provide notice of the action to the defendant, was examining whether it had in personam jurisdiction over the defendant. See *General Motors Acceptance Corp.* v. *Pumphrey*, 13 Conn. App. 223, 227, 535 A.2d 396 (1988). This threshold jurisdictional matter is not, however, the end of the inquiry. The court also had to decide the issue of whether to set aside the default judgment under § 52-212. The court failed both to make factual findings and to analyze whether the defendant presented sufficient evidence to establish reasonable cause and whether she was prevented from prosecuting the action because of mistake, accident or other reasonable cause.

The order denying the defendant's motion to open and vacate the judgment is reversed and the case is remanded for a new hearing on that motion.

In this opinion the other judges concurred.