## JOSEPH KONEFAL *v.* MARTIN KONEFAL
### (AC 28253)

DiPentima, McLachlan and Stoughton, Js.

Argued January 11—officially released April 29, 2008

*Kim Coleman,* with whom, on the brief, was *Norman A. Pattis,* for the appellant (defendant).

*Robbie T. Gerrick,* with whom, on the brief, was *Jeffrey L. Ment,* for the appellee (plaintiff).

McLACHLAN, J. This disheartening case stems from an altercation between two elderly brothers. The defendant, Martin Konefal, appeals from the judgment of the trial court denying his motion to open a judgment from a prior case and for dismissing his counterclaim asserted against the plaintiff, Joseph Konefal. We conclude that the defendant has failed to provide us with an adequate record to review his first claim and has briefed his second claim inadequately. Accordingly, we affirm the judgment of the trial court.

The following facts are relevant to the resolution of this case on appeal. The plaintiff and the defendant are octogenarian brothers who live in Rockfall, a section of Middlefield located in Middlesex County, in homes adjacent to each other. A dispute arose between the plaintiff and the defendant when the defendant perceived that the plaintiff had acquired property that he believed should have been devised to him, rather than to the plaintiff. On August 16, 2000, tensions between the brothers resulted in an incident in which, the plaintiff alleged, the defendant physically assaulted and injured him. In December, 2000, the plaintiff commenced a civil action against the defendant. On June 8, 2001, the defendant was defaulted for failure to appear in the civil action.

The August 16, 2000 incident also resulted in criminal charges being filed against the defendant. In the criminal case, the defendant was ordered to submit to a competency evaluation and, on September 21, 2001, was found to be incompetent with respect to the criminal case only.[1]

---

[1] The defendant was ordered to submit to two additional competency evaluations, both in 2002. The first evaluation found the defendant to be incompetent, and the case was continued. At the last competency hearing held on September 5, 2002, the defendant was found to be incompetent and "incapable of being restored to competency."

On November 21, 2001, the plaintiff obtained a civil judgment against the defendant for $25,810, after a hearing in damages. On February 25, 2002, the court ordered a payment schedule of $35 per week. Although the plaintiff failed to give the defendant notice of the judgment after the default for failure to appear as required by Practice Book § 17-22,[2] the plaintiff did serve the defendant with the weekly payment order.

On December 4, 2002, in the 2001 civil action, the plaintiff filed a judgment lien against real property owned by the defendant in Connecticut. On January 14, 2003, the plaintiff commenced this action to foreclose his judgment lien. The defendant was defaulted for failure to appear in this action. On April 14, 2003, however, the defendant filed an answer, which operated to open the default pursuant to Practice Book §§ 17-31 and 17-32 (b).[3] Along with his answer, the defendant filed a special defense of incapacity and incompetency. Additionally, the defendant filed a counterclaim, alleging battery, trespass and abuse of process. These allegations were in regard to the August 16, 2000 altercation between the plaintiff and the defendant, which was the subject of the 2001 civil action.

---

[2] Practice Book § 17-22 provides in relevant part: "A notice of every nonsuit for failure to enter an appearance or judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be mailed within ten days of the entry of judgment by counsel of the prevailing party against whom it is directed and a copy of such notice shall be sent to the clerk's office. . . ."

[3] Practice Book § 17-31 provides in relevant part: "Where either party is in default by reason of failure to comply with Sections 10-8, 10-35 [or] 13-6 . . . the adverse party may file a written motion for nonsuit or default or, where applicable, an order pursuant to Section 13-14. Except as otherwise provided in Sections 17-30 and 17-32, any such motion . . . shall be filed with the clerk of the court in which the action is pending . . . ."

Practice Book § 17-32 (b) provides in relevant part: "If any party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. . . ."

In its memorandum of decision issued on February 15, 2006, the court made the following findings: "The case was claimed for a jury trial, and the parties selected a jury, and at a pretrial hearing on December 12, 2005, the court, sua sponte, questioned the appropriateness of a jury trial for a foreclosure action in view of the untimeliness of the defendant's counterclaim. On December 13, 2005, the court dismissed the jury and dismissed the defendant's counterclaim as untimely. The court advised the parties that it would hear the foreclosure action and would consider the defendant's competency as an equitable defense.

"The defendant, on December 13, 2005, [in this action] filed for the first time a motion to open the judgment entered on November 21, 2001, in the underlying [2001] civil matter . . . in which the defendant was defaulted for failure to appear.

"The plaintiff at the [foreclosure] trial introduced evidence of the value of the defendant's property. The property is owned by the defendant and his wife, Mary P. Konefal. The court [found that] based on the appraisal evidence that the property has a fair market value of $247,000. The court [found that] the updated debt due the plaintiff [was] in the amount of $40,262.75. The plaintiff [was] awarded an appraisal fee of $350, title search fee of $150 and attorney fees in the amount of $5000. The plaintiff [sought] attorney fees in the amount of $18,127, but the court decline[d] to award fees in that amount.

"The court at the date of [the foreclosure] trial in December, 2005, denied the motion to open [the 2001 judgment] without prejudice. Upon reconsideration, the court affirms its decision to deny the motion to open." The court also considered the defendant's incompetency in regard to his motion to open but concluded that "[i]n view of the fact that the defendant and his

current counsel knew of the default [in the 2001 action] but failed to move to open until the date of [the foreclosure] trial, the court is without jurisdiction to open the default judgment." The court found that in this case, the defendant was still incompetent to stand trial and stated that "[i]n considering whether to grant foreclosure, the court finds that the equitable considerations of the defendant's incompetency, age and joint ownership of the property with his elderly wife require the court to withhold the equitable remedy of foreclosure. . . . However, the plaintiff may lien the property for his debt, fees and costs awarded in this action. He will continue to have the security of the property for the ultimate collection of the debt."

On May 5, 2006, the defendant filed a motion for rectification or clarification, requesting that the court allow him to file his motion to open in the "correct action" and to clarify its decision in regard to the disposition of the defendant's counterclaim. On August 15, 2006, the court granted the motion in part and wrote: "The counterclaims were dismissed with prejudice, as they were untimely." On October 12, 2006, the defendant moved for an articulation, requesting that the court "articulate its reasons for dismissal with prejudice" of the counterclaim. The court granted the articulation on October 26, 2006, and wrote: "The defendant in this foreclosure case seeks to relitigate the incident which led to the original judgment from which the lien arises. The court, after a hearing, denied the motion to reopen its decision. . . . The issues involve the August 16, 2000 incident [which] were resolved by the judgment in [the 2001 civil action]. The defendant's counterclaims are dismissed with prejudice." This appeal followed.[4]

---

[4] We note that the appeal was filed in docket number CV-03-0100465-S. Initially, the plaintiff filed a cross appeal challenging the court's decision in the 2003 foreclosure action but subsequently withdrew his cross appeal.

On appeal, the defendant asserts that the court (1) abused its discretion when it denied his motion to open the judgment in the 2001 civil action because the court determined that he was incompetent at the time of the action and (2) erroneously dismissed with prejudice his counterclaim. In opposition, the plaintiff argues that the defendant has failed to provide this court with an adequate record for review of the first claim and that the second claim is briefed inadequately. Therefore, the plaintiff asserts that the defendant's claims should not be reviewed by this court. We agree.

The defendant first claims that the court should have granted his motion to open the 2001 civil action because a fraud was perpetrated on the court.[5] Essentially, the defendant claims that the plaintiff's counsel knew that the defendant was incompetent as of the date of the 2001 trial, yet failed to inform the court about the defendant's condition. The defendant argues that if the plaintiff's counsel had informed the court in 2001 of the defendant's condition, "it is unlikely that any court would have proceeded." Additionally, the defendant states that "there is no record of the court's knowledge of these issues, and the court did proceed in the hearing in damages. Clearly, a fraud was committed on the court . . . ."

Although the defendant refers to the 2001 civil action in his argument, on the basis of the record before us, in the 2003 action, we can only speculate as to what information was before the court in 2003 with respect to the 2001 action.[6] Thus, the record is inadequate for review of this claim.

---

[5] Although generally a motion to open must be filed within four months of entry of the judgment; General Statutes § 52-212 (a); a motion to open on the basis of fraud is not subject to this limitation but should be presented promptly after the discovery of the alleged fraud. See *Varley* v. *Varley*, 180 Conn. 1, 3–4, 428 A.2d 317 (1980).

[6] Attorney William Grady, who represented the defendant in the criminal matter, testified, in the 2003 foreclosure action, that he spoke with a woman who represented herself to be the plaintiff's counsel on the day of the

Pursuant to Practice Book § 60-5, it is the responsibility of the appellant to provide an adequate record for review. See also *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *New Haven Savings Bank* v. *Mongillo*, 67 Conn. App. 799, 802, 789 A.2d 547 (2002). "[S]peculation and conjecture . . . have no place in appellate review." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank of Minnesota, N.A., Trustee* v. *Morgan*, 105 Conn. App. 856, 860, 941 A.2d 943 (2008). Because the defendant failed to provide us with an adequate record for review, we cannot review the merits of his claim.

The defendant next claims that the court erroneously dismissed his counterclaim. To support this argument, the defendant argues that he filed a counterclaim "against the [plaintiff] on April 15, 2003, alleging battery and trespass for incidents that occurred on August 16, 2000, and for abuse of process for the incident that occurred on November 21, 2001. Pursuant to General Statutes § 52-577, an action may be brought within three years of the date of the act or omission. Practice Book § 10-54 allows a defendant, in law or equity or in both,

---

plaintiff's hearing in damages. He testified that he told the attorney that the defendant had been declared incompetent for purposes of the criminal matter and that the defendant was in Florida. Moreover, when asked, "[d]id you tell the attorney to inform the judge that [the defendant] was . . . in Florida and was not going to appear at the hearing?" Grady replied, "I did not, nor do I think it was necessary." It is unclear from his testimony, however, whether the plaintiff's counsel wilfully withheld this information about the defendant.

to file a counterclaim. This is what the [defendant] did, and his [counterclaim] should be allowed to go to trial."

In opposition, the plaintiff submits that the defendant's claim should fail because the claim is briefed inadequately and therefore abandoned. Additionally, the plaintiff argues that even if we decided to review the defendant's claim despite the inadequate brief before us, the claim still fails because it is time barred by the statute of limitations pursuant to General Statutes § 52-584.[7] Although it is unclear from the record what the court relied on in reaching its determination that the counterclaim was untimely, this court need not address this issue because the defendant's claim is briefed inadequately. The defendant, as the appellant, is required to brief his arguments to this court fully and adequately. See, e.g., *Legnos* v. *Legnos*, 70 Conn. App. 349, 350 n.1, 797 A.2d 1184, cert. denied, 261 Conn. 911, 806 A.2d 48 (2002). "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citation omitted; internal quotation marks omitted.) *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App.

---

[7] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

469, 479, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006). In the present case, the defendant submitted less than one page of argument on this issue, which lacked law and analysis in support thereof. Accordingly, we do not review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.