******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PACHAUG MARINA AND CAMPGROUND
ASSOCIATION, INC. *v.* PATRICIA
E. PEASE ET AL.
(AC 35157)

DiPentima, C. J., and Lavine and Flynn, Js.

*Argued February 10—officially released April 15, 2014*

(Appeal from Superior Court, judicial district of New
London, Devine, J.)

*William J. Nulsen*, for the appellants (defendant
Anthony Russo et al.).

*Gregory W. McCracken*, with whom was *Lauramarie
Sirois*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants Anthony Russo and Lucia H. Russo[1] appeal from the judgment of the trial court denying their motion to open and correct the judgment of strict foreclosure and to extend the sale date. On appeal, the defendants claim that the court improperly denied their motion because part of the lien for unpaid assessments was extinguished by General Statutes § 47-258 (e). We conclude that the trial court did not abuse its discretion in denying the defendants' motion. We therefore affirm the judgment of the trial court.

The following facts and procedural history are necessary for our resolution of this appeal. The plaintiff, Pachaug Marina & Campground Association, Inc., is the unit owners' association[2] of a common interest community known as Pachaug Co-Operaitve Campground.[3] On December 5, 2011, the plaintiff commenced this action against the defendants and sought to foreclose a statutory lien created by § 47-258 (a).[4] The subject property of the plaintiff's foreclosure action is located in Griswold at 262 Shetucket Turnpike, Unit 44, together with the corresponding docksite (unit). The plaintiff was entitled to provide an assessment of common expenses against all units, and it claimed that the defendants had failed to make the required payment beginning in February, 2007. At the time of the complaint, the plaintiff alleged that the defendants owed $8,530.26 and that additional assessments accrued on a monthly basis. The plaintiff sought, inter alia, a foreclosure of the lien, immediate possession of the unit, attorney's fees, costs, interest, late charges, and the appointment of a receiver.

On February 9, 2012, pursuant to Practice Book § 13-19, the plaintiff moved for a default against the defendants for failing to disclose a defense. The plaintiff also moved for a judgment of strict foreclosure. The court granted the plaintiff's motion for default on February 21, 2012. On February 22, 2012, the court rendered a judgment of foreclosure by sale, with a sale date of July 21, 2012. At that time, the court found the defendants' debt to be $10,246.45.

On July 5, 2012, the defendants moved to open the judgment and to extend the sale date. They alleged that they had substantial equity in the unit and that they actively were marketing it for sale in the summer months. On July 16, 2012, the court granted the defendants' motion, and set a new sale date of September 22, 2012. On August 31, 2012, the defendants filed a second, nearly identical motion to open the judgment and to extend the sale date. The court granted that motion on September 17, 2012, and set the sale date for October 20, 2012.

On September 27, 2012, the defendants filed a third motion to open, seeking to correct the judgment and to

extend the sale date.[5] For the first time, the defendants claimed that the amount of the debt was incorrect. Specifically, they argued that liens assessed in 2007, 2008 and 2009 would have expired before the action had been instituted as a result of § 47-258 (e).[6] The court held a hearing and issued an order denying the defendants' motion. The court declined to open the judgment to allow the defendants to raise defenses "that should have been asserted prior to the entry of judgment, and where no compelling reason [was] shown for the defendants' failure to do so. . . . It is also well established that courts of equity will not relieve against the operation of judgments rendered through the inattention of the party claiming to be aggrieved." (Citation omitted.) The court also stated that it previously had opened the judgment twice and the defendants had not raised § 47-258 (e); moreover, the defendants had acknowledged the debt on two separate occasions. This appeal followed.

"Whether to grant a motion to open rests in the discretion of the trial court." *Rzayeva* v. *75 Oxford Street, LLC*, 111 Conn. App. 77, 78, 957 A.2d 539 (2008). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 295, 966 A.2d 318 (2009).

"[General Statutes §] 52–212 requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *Tsitaridis* v. *Tsitaridis*, 100 Conn. App. 115, 119, 916 A.2d 877 (2007); see also *Berzins* v. *Berzins*, 105 Conn. App. 648, 651–52, 938 A.2d 1281, cert. denied, 289 Conn. 932, 958 A.2d 156 (2008); Practice Book § 17-43. The failure to meet both prongs is fatal to the motion to open. *Dziedzic* v. *Pine Island Marina, LLC*, 143 Conn. App. 644, 652, 72 A.3d 406 (2013).

Our Supreme Court "has consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of the moving party's negligence." *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.*, 179 Conn. 290, 293, 426 A.2d 278 (1979); see also *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003). Additionally, we are mindful that "[b]ecause opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim

not previously raised." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94, 952 A.2d 1 (2008); *JPMorgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 273, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013).

The defendants' claim on appeal withers in light of this precedent. Moreover, they have failed to persuade us that this case presents an exceptional circumstance that would warrant a departure from well settled law. The defendants' two passing references to *Connecticut Savings Bank* v. *Obenauf*, 59 Conn. App. 351, 355–57, 758 A.2d 363 (2000), do not persuade this court that the trial court abused its discretion in denying the defendants' motion.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

[1] The plaintiff also named Patricia E. Pease and John H. Pease (Pease defendants) as defendants. On February 2, 2012, the court granted the plaintiff's motion for default as a result of the failure of the Pease defendants to file appearances. The Pease defendants are not parties to this appeal. We therefore refer in this opinion to Anthony Russo and Lucia H. Russo as the defendants.

[2] See General Statutes §§ 47-243 and 47-244.

[3] "The Common Interest Ownership Act, General Statutes § 47–200 et seq., is a comprehensive legislative scheme that governs creation, organization and management of all forms of common interest communities." *Stamford Landing Condominium Assn., Inc.* v. *Lerman*, 109 Conn. App. 261, 262 n.2, 951 A.2d 642, cert. denied, 289 Conn. 938, 958 A.2d 1246 (2008); see also *Southwick at Milford Condominium Assn., Inc.* v. *523 Wheelers Farm Road, Milford, LLC*, 294 Conn. 311, 312 n.1, 984 A.2d 676 (2009). Our Supreme Court has explained that "[t]he act, which is largely modeled after the Uniform Common Interest Ownership Act, was created in order to provide unit owners and their associations with consumer protection rights, as well as to afford developers, lenders and title insurers with flexibility and certainty in establishing common interest communities." *Linden Condominium Assn., Inc.* v. *McKenna*, 247 Conn. 575, 584, 726 A.2d 502 (1999).

[4] General Statutes § 47-258 (a) provides in relevant part: "The association has a statutory lien on a unit for any assessment attributable to that unit or fines imposed against its unit owners. Unless the declaration otherwise provides, reasonable attorneys' fees and costs, other fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) and (12) of subsection (a) of section 47-244 . . . are enforceable in the same manner as unpaid assessments under this section. If an assessment is payable in installments, the full amount of the assessment is a lien from the time the first installment thereof becomes due."

[5] The plaintiff filed an objection to this motion.

[6] General Statutes § 47-258 (e) provides in relevant part: "A lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessments becomes due . . . ." This subsection previously set forth a two year period to bring a proceeding to enforce the lien.