******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES J. BAKER *v.* LISA WHITNUM-BAKER
(AC 36958)
(AC 36959)

Lavine, Beach and Sheldon, Js.

*Argued September 18—officially released November 10, 2015*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Heller, J.)

*Lisa Whitnum*, self-represented, the appellant
(defendant).

*Norman A. Roberts II*, with whom, on the brief, was
*Tara C. Dugo*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. These consolidated appeals arise out of the judgment dissolving the brief marriage of the plaintiff, James J. Baker, to the defendant, Lisa Whitnum-Baker. The essence of the defendant's claims in both appeals is that the trial court abused its discretion by denying her a new trial.[1] We affirm the judgments of the trial court.

The following facts are relevant to these appeals. On March 12, 2012, the then fifty-two year old defendant married the then eighty-six year old plaintiff, and they lived together for seven to ten days following their wedding date. Seventy-seven days later, the plaintiff commenced an action seeking to dissolve his marriage to the defendant. The defendant filed an answer and cross complaint on October 23, 2012, and an amended cross complaint on February 20, 2013. The court, *Munro*, *J.*, conducted a dissolution trial on September 9 and 10, 2013. The defendant represented herself and participated in the proceedings on the morning of September 9, 2013, but she did not return to court for the afternoon session, nor did she appear in court on the following day. On September 10, 2013, the court rendered judgment of dissolution, finding that the marriage of the parties had broken down irretrievably. The court did not award the defendant alimony.

The defendant subsequently filed several appeals that were consolidated but later dismissed by this court. While the consolidated appeals were pending, the defendant filed in the trial court on separate dates a "Motion to Open/Petition for a New Trial" and a "Motion to Open Default Judgment." The trial court, *Heller*, *J.*, conducted separate hearings on each motion and subsequently denied them in separate memoranda of decision. The defendant then filed the two appeals in the present case, which have been consolidated. In AC 36958, the defendant claims that the court improperly denied her motion to open the default judgment. In AC 36959, the defendant claims that the court improperly denied her "Motion to Open/Petition for a New Trial."

We first address the applicable standards of review. "Whether to grant a motion to open rests in the discretion of the trial court. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Pachaug Marina & Campground Assn., Inc.* v. *Pease*, 149 Conn. App. 489, 493, 89 A.3d 423 (2014).

The standard of review regarding a trial court's decision with respect to a petition for a new trial is also the abuse of discretion standard. See *Fitzpatrick* v.

*Hall-Brooke Foundation, Inc.*, 72 Conn. App. 692, 697, 807 A.2d 480, cert. denied, 262 Conn. 914, 811 A.2d 1291 (2002). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did. . . . [T]he proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him [or her] to a new trial on the grounds claimed . . . . A petition will never be granted except upon substantial grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted. . . . In considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation." (Internal quotation marks omitted.) *Murphy* v. *Zoning Board of Appeals*, 86 Conn. App. 147, 152, 860 A.2d 764 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1080 (2005).

After a careful examination of the record, we conclude that the court did not abuse its discretion in denying the defendant's motions at issue in either AC 36958 or AC 36959. The trial court issued thorough and well reasoned decisions regarding the factual and legal bases for denying the motions to open and the petition for a new trial. We therefore adopt the well reasoned decisions of the trial court as proper statements of the relevant facts, issues, and applicable law. See *Baker* v. *Whitnum-Baker*, 161 Conn. App.     ,     ,     ,     A.3d     (2014) (appendices). It would serve no useful purpose for this court to repeat the discussions contained in the trial court's decisions. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgments are affirmed.

[1] The defendant also has raised a variety of claims of judicial bias and multiple violations of her right to due process. We decline to review these claims as they are little more than unfounded assertions not supported by facts in the record. See *Konefal* v. *Konefal*, 107 Conn. App. 354, 361, 945 A.2d 484 (appellant bears responsibility of providing adequate record for review, as well as adequate briefing of claims, and when appellant fails to do so this court will not review such claims), cert. denied, 288 Conn. 902, 952 A.2d 810 (2008).